IN THE SUPREME COURT OF THE STATE OF DELAWARE

MICHAEL T. WASHINGTON,       §
                            § No. 325, 2023
       Defendant Below,      §
       Appellant,            § Court Below–Superior Court
                            § of the State of Delaware
       v.                    §
                            § Cr. ID No.  0909018475 A/B (N)
STATE OF DELAWARE,           §
                            §
       Appellee.             §

Submitted:  September 25, 2023
Decided:    October 10, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause, the appellant's response, and the Superior Court docket, it appears to the Court that:

(1)    In November 2010, a Superior Court jury convicted the appellant, Michael T. Washington, of two counts of manslaughter and two counts of possession of a firearm during the commission of a felony.  Following a bench trial, Washington was also found guilty of possession of a deadly weapon by a person prohibited.  In February 2011, the Superior Court sentenced Washington to an aggregate sixty-four years of incarceration followed by decreasing levels of supervision.  We affirmed Washington's convictions and sentence on appeal.[1]  Since 2012, Washington has

---

[1] *Washington v. State*, 2011 WL 4908250 (Del. Oct. 14, 2011).

filed three unsuccessful motions for postconviction relief[2] and an unsuccessful petition for a writ of habeas corpus.[3]

(2) On May 25, 2023, Washington filed a motion to compel the various lawyers who represented him in connection with his trial and appeals to turn over to him any documentation they had in their possession related to his case so that he could prepare and file a motion for postconviction relief. After soliciting counsel's positions on the motion and noting that counsel had largely (if not completely) fulfilled their obligations to Washington, the Superior Court denied the motion on June 30, 2023 ("June 30, 2023 Order"). The court emphasized that Washington had no pending motions for postconviction relief and that the motion to compel raised an attorney/client issue unsuited for the court's intervention. Washington appealed the June 30, 2023 Order to this Court, which dismissed the appeal based on its lack of jurisdiction to hear an interlocutory appeal in a criminal matter.[4]

(3) On August 8, 2023, while his appeal of the June 30, 2023 Order was pending in this Court, Washington filed an application for certification of the June

---

[2] *See Washington v. State*, 2022 WL 4088664 (Del. Sept. 6, 2022) (affirming the denial of Washington's third motion for postconviction relief); *Washington v. State*, 2022 WL 1041267 (Del. Apr. 7, 2022) (affirming the denial of Washington's second motion for postconviction relief); *Washington v. State*, 2017 WL 1573119 (Del. Apr. 28, 2017) (affirming the denial of Washington's first motion for postconviction relief).
[3] *Washington v. May*, 2022 WL 4598510 (D. Del. Sept. 30, 2022).
[4] *Washington v. State*, 2023 WL 5218143 (Del. Aug. 14, 2023).

30, 2023 Order under Supreme Court Rule 42 in the Superior Court. On August 30, 2023, the Superior Court denied the application. This appeal followed.

(4) On September 13, 2023, the Senior Court Clerk issued a notice directing Washington to show cause why his appeal should not be dismissed for this Court's lack of jurisdiction to hear a criminal interlocutory appeal. In his response to the notice to show cause, Washington states that he has complied with Supreme Court Rule 42 and therefore this Court should consider his appeal.

(4) The Delaware Constitution limits this Court's appellate jurisdiction in criminal cases to final judgments.[5] The Superior Court's order denying Washington's motion to compel the production of documents so that he may file a motion for postconviction relief is an interlocutory order.[6] Washington's claimed compliance with Rule 42 has no bearing here because Rule 42 applies to appeals in civil, not criminal, cases.[7] To the extent that Washington seeks documents in anticipation of filing a motion for postconviction relief and later files a motion for postconviction relief that that the Superior Court denies, he may raise the denial of

---

[5] Del. Const. art. IV, § 11(1)(b). In Superior Court civil cases, this Court has jurisdiction to hear appeals from interlocutory orders and final judgments. Del. Const. art. IV, § 11(1)(a).

[6] *Washington*, 2023 WL 5218143, at *1.

[7] Rule 42(a) ("The Court's jurisdiction to hear and determine *appeals in civil cases from interlocutory orders of a trial court*…shall be exercised in accordance with this rule as to certification and acceptance of interlocutory appeals.") (emphasis added). In fact, Washington did not comply with Rule 42 because he filed the application for certification in the Superior Court more than ten days after the June 30, 2023 Order and this appeal more than thirty days after the June 30, 2023 Order. Supr. Ct. R. 42(c)(i), (d)(i).

his motion to compel in an appeal of the trial court's final judgment on his motion for postconviction relief.[8]  At this time, however, the Court lacks jurisdiction to consider Washington's interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[8] *Washington*, 2023 WL 5218143, at *1.